UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 1:07-1250 |
| | ) | |
| v. | ) | |
| | ) | |
| **ANDRE JAMAL TILLMAN** | ) | **PLEA AGREEMENT** |

## General Provisions

This PLEA AGREEMENT is made this _____ day of _____, 2008,

between the United States of America, as represented by Acting United States Attorney

Kevin F. McDonald, Assistant United States Attorney Robert C. Jendron, Jr.; the

Defendant, **ANDRE JAMAL TILLMAN**, and Defendant's Attorney, Katherine E. Evatt,

Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree

as follows:

1.    The Defendant agrees to plead guilty to Count 4 of the Indictment now pending,

Count 4 charges that on or about the July 12, 2007, in the District of South Carolina,

the Defendant, ANDRE JAMAL TILLMAN, knowingly used and carried a firearm

during and in relation to, and did possess a firearm in furtherance of, a drug

trafficking crime, which is prosecutable in a Court of the United States; in violation

of Title 18, United States Code, Section 924(c)(1)(A).

In order to sustain its burden of proof as to this offense, the Government is required

to prove the following:

One: That the defendant knowingly used or carried a firearm; or possessed
a firearm; and

Two: That the use or carrying of a firearm was "during or in relation to" a drug trafficking crime, or the possession of the firearm was "in furtherance" of a drug trafficking crime prosecutable in a court of the United States.

## Possible Penalties for 18 U.S.C. § 924(c)(1)(A)

First conviction:

* if used or carried or possessed: a minimum term of imprisonment of not less than five (5) years and a maximum term of life imprisonment; ineligible for probation or suspension of sentence during the term of imprisonment imposed herein, a fine of $250,000 and a term of supervised release of no more than five (5) years (18 U.S.C. § 3583) in addition to any term of imprisonment, plus a special assessment of $100.00 (18 U.S.C. § 3013).

2.     The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

(A)    Fines: The Defendant understands and agrees that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the Court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

(B)    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant

-2-

must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3.    The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4.    The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the Court at sentencing by a preponderance of the evidence standard and

the Court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5.    The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6.    In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

7.    The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at

-4-

any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

> (A)    the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

> (B)    all additional charges known to the Government may be filed in the appropriate district;

> (C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

> (D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

9.    The Government agrees that any self-incriminating information provided by the

-5-

Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines.  The provisions of this paragraph shall not be applied to restrict any such information:

      (A)    known to the Government prior to the date of this Agreement;

      (B)    concerning the existence of prior convictions and sentences;

      (C)    in a prosecution for perjury or giving a false statement; or

      (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

10.    Provided the Defendant cooperates and otherwise complies with all the conditions of this Plea Agreement, and the Defendant's cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the United States agrees to move to dismiss the remaining counts of the Indictment at sentencing.  The Defendant understands that the dismissal of the remaining counts would be in lieu of a motion for downward departure pursuant to Section 5K1.1 of the U.S.S.G..  The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to §1B1.3 of the United States Sentencing Guidelines.

## **Merger and Other Provisions**

11.    The Attorneys for the Government agree to *recommend* that the Defendant not be prosecuted for any similar or related state crimes, stemming from the incidents

contained in the Indictment, so long as the Defendant complies with the terms of this Plea Agreement.    The Defendant understands that this is *only a recommendation and is not binding* upon any State authority.  Furthermore, the Defendant fully understands that he has no right to withdraw his guilty plea should such recommendation not be followed.

12.    The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for his offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels.  In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

13.    The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witness, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus

-7-

a plea of guilty pursuant to his Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

14.  The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

15.  The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16.  The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the Court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties;

-8-

and that any and all other promises, representations and statements, whether made

prior to, contemporaneous with or after this Agreement, are null and void.

_____1-21-09_____
DATE

_____1-21-09_____
DATE

_____1/22/09_____
DATE

*Andre Tillman*
ANDRE JAMAL TILLMAN, Defendant

*Katherine E. Evatt*
KATHERINE E. EVATT
Attorney for the Defendant

KEVIN F. MCDONALD
UNITED STATES ATTORNEY

BY:    *Robert C. Jendron*

ROBERT C. JENDRON, JR.
Assistant U. S. Attorney

-9-