IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:07-cr-01250-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE JAMAL TILLMAN | ) | |

**RESPONSE IN OPPOSITION TO MOTION TO REDUCE
SENTENCE UNDER THE FIRST STEP ACT OF 2018**

The United States hereby respectfully responds in opposition to the defendant's pro se

motion to reduce sentence under the First Step Act of 2018.  Because the defendant was convicted

of a single count of 18 U.S.C. § 924(c), which is not a covered offense, the First Step Act does not

authorize consideration of a reduction in this case.

**I.    Statutory Framework**

Section 404 of The First Step Act of 2018[1], Public Law No. 115-015, permits this Court,

upon motion of the defendant or the government, or upon its own motion, to impose a reduced

---

[1]  Section 404 reads:
**Section 404. Application of Fair Sentencing Act.**

(a) Definition of covered offense.—In this section, the term "covered offense" means a
violation of a Federal criminal statute, the statutory penalties for which were modified by
section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372),
that was committed before August 3, 2010.
(b) Defendants previously sentenced.—A court that imposed a sentence for a covered
offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney
for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the
Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the
time the covered offense was committed.
(c) Limitations.—No court shall entertain a motion made under this section to reduce a
sentence if the sentence was previously imposed or previously reduced in accordance with
the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law
111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the
sentence was, after the date of enactment of this Act, denied after a complete review of the
motion on the merits. Nothing in this section shall be construed to require a court to reduce
any sentence pursuant to this section.

sentence on certain enumerated offenses provided for in the Fair Sentencing Act of 2010, if no such reduction was previously granted. First Step Act of 2018, Pub. L. No. 115-015, § 404, 132 Stat 015, 015 (2018). To be eligible for relief under the First Step Act, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. The term "covered offense" is defined in the First Step Act as a violation of a federal criminal statute for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010. That is, retroactive sentence reductions under the First Step Act of 2018 are limited to those offenses whose statutory penalties were reduced by the Fair Sentencing Act of 2010.

The Fair Sentencing Act of 2010 reduced the penalties for **convictions involving cocaine base** by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat 2372, 2372 (2010). After that statute's enactment, a violation of 21 U.S.C. § 841(a)(1) must now involve at least 280 grams of cocaine base (rather than 50 grams) to trigger the 10 years to life penalty range of 21 U.S.C. § 841(b)(1)(A); and at least 28 grams of cocaine base (rather than 5 grams) to trigger the 5 to 40 year penalty range of 21 U.S.C. § 841(b)(1)(B). *Id.* The First Step Act of 2018 made those changed penalties for cocaine base convictions retroactive.

## II.    Procedural History

On October 17, 2007, a federal grand jury indicted the defendant in a four count indictment for various firearm and narcotics offenses. ECF # 2. Count 1 charged the defendant with possession of controlled substances with the intent to distribute; Count 2 charged conspiracy to possess with intent to distribute controlled substances; Count 3 charged felon in possession of firearm; and Count 4 charged possessing a firearm in furtherance of a drug trafficking crime. *Id.*

On January 27, 2009, a Plea Agreement was filed and the Court accepted the defendant's change of plea that same day. ECF # 53, 54. The defendant pled guilty to and was convicted of a

single count: **Count 4 - Use or Carry of a Firearm During and in Relation to or Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)**. That is, the defendant's offense of conviction was not a cocaine base conviction.

On May 29, 2009, the defendant was determined to be a career offender and was sentenced to 262 months plus three years supervised release, which was the bottom end of the defendant's advisory guidelines. ECF No. # 68; *See* PSR at ¶ 33, 60. The 2008 edition of the U.S. Sentencing Commission Guidelines Manual was used to calculate the defendant's advisory guidelines. *See* PSR at ¶ 40.

On May 29, 2020, the defendant filed what has been construed as a pro se motion seeking a sentence reduction under the First Step Act. ECF # 80. On June 8, 2020, the Court directed the Government to respond to that motion. ECF # 84. The undersigned hereby responds in opposition to that motion, and respectfully submits that the defendant is not entitled to relief under the statute and that the defendant's motion should therefore be denied.

## III.    Argument

The First Step Act allowed courts to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. 115-391 § 404(b), 132 Stat. at 5222.[2] However, no sentence reduction is available under the First Step Act when, as here, the Fair Sentencing Act did not

---

[2] The First Step did have impact on some § 924(c) sentences. It "amend[ed] § 924(c) so that the 25-year mandatory minimum for a second or subsequent offense applies *only when a prior conviction under § 924(c) already 'has become final*.' " *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020) (quoting Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222). However, that provision also has no application here because the defendant has only been convicted of a single § 924(c), not a second or subsequent § 924(c) conviction. Also, the § 924(c) changes in Section 403 of the First Step Act are not retroactive. See, e.g., *United States v. El Shamy*, 805 F. App'x 215, 216 (4th Cir. 2020). Accordingly, relief is also not available through the § 924(c) provisions of the First Step Act, to the extent that is the defendant's request.

reduce the statutory penalties of an offense. See, e.g., *United States v. Melvin*, 777 F. App'x 652 (4th Cir. 2019).

Here, 18 U.S.C. § 924(c) is not a covered offense under the Fair Sentencing Act. Because the defendant's offense of conviction is not implicated by the Fair Sentencing Act, the defendant is not eligible for consideration of a sentence reduction under the First Step Act. For these reasons, respectfully, the defendant's motion should be denied.

Respectfully submitted,

PETER M. MCCOY
UNITED STATES ATTORNEY

By: s/ Elliott B. Daniels
Elliott B. Daniels (Fed. ID # 11931)
Assistant U. S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone (803) 381-1057
Facsimile (803) 254-2943
elliott.daniels@usdoj.gov

Columbia, South Carolina
June 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:07-cr-01250-MBS |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE JAMAL TILLMAN | ) | |

CERTIFICATE OF SERVICE

I hereby certify that I am an employee in the Office of the United States Attorney for the District of South Carolina, Columbia, South Carolina, and on June 23, 2020, I caused to be served one true and correct copy of the RESPONSE IN OPPOSITION TO MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT OF 2018 in the above-captioned case, via the court's e-noticing system, but if that means failed, then by regular mail, on the following person(s):

Andre Jamal Tillman  BOP# 16464-171
FCI Bennettsville
P.O. Box 52020
Bennettsville, SC 29512

PETER M. MCCOY
UNITED STATES ATTORNEY

By: s/ Elliott B. Daniels
Elliott B. Daniels (Fed. ID # 11931)
Assistant U. S. Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone (803) 381-1057
Facsimile (803) 254-2943
elliott.daniels@usdoj.gov