

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | §   CRIMINAL ACTION NO.: 1:07-1250-MGL-1 |
| | § |
| ANDRE JAMAL TILLMAN, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S *BOOKER* MOTION
AND MOTION FOR COMPASSIONATE RELEASE**

## I.   INTRODUCTION

Pending before the Court is Defendant Andre Jamal Tillman's (Tillman) motion for a downward variance under *United States v. Booker*, 543 U.S. 220 (2005) (*Booker* motion) and motion for compassionate release. He is representing himself. Having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

In 2009, Tillman pled guilty, pursuant to a plea agreement, to using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Section 924(c) offense).

At sentencing, Judge Seymour designated Tillman a career offender and sentenced him to the low end of the resultant guideline range of 262 to 327 months. She also dismissed his other

counts: conspiracy to possess with intent to distribute crack cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and (b)(1)(D), and 846 (crack cocaine conspiracy charge); possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D) (collectively, drug charges); and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and (e).

Tillman currently has a projected release date of November 17, 2027. He claims that he has had only one disciplinary infraction during his nearly fifteen years of incarceration. He provides evidence he has engaged in rehabilitative programming at the Bureau of Prisons (BOP), including business etiquette, welding, and drug education classes.

Tillman previously filed a First Step Act motion, which Judge Seymour denied because the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which was made retroactive by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, failed to change the statutory penalties for Section 924(c) offenses.

Tillman filed his *Booker* motion. Subsequently, he filed his motion for compassionate release, which also reiterates the arguments made in his previously-denied First Step Act motion.

The Clerk's Office reassigned this case to the undersigned judge, who provided Tillman an opportunity to submit evidence that he had exhausted his administrative remedies. Tillman did so. The government then filed a single response to both Tillman's motions. Tillman replied as to his compassionate release motion. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III. *BOOKER* MOTION

Tillman argues the Court should grant a variance under *Booker* because his guideline range over-represented his criminal history. The government counters that *Booker* had been in effect for four years at the time of Tillman's sentencing, and Judge Seymour considered its requirements.

Under *Booker*, the Supreme Court held that the United States Sentencing Guidelines were merely advisory—a starting place—and that courts must impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 543 U.S. at 264, 268 (quoting 18 U.S.C. § 3553(a)). In other words, *Booker* allows courts to impose variant sentences.

*Booker* was decided on January 12, 2005, and Judge Seymour sentenced Tillman on May 29, 2009. In fact, Tillman's presentence investigation report (PSR) devoted two paragraphs to *Booker*, explaining that Judge Seymour must consider the 3553(a) factors of sentencing in addition to the guideline range.

Tillman, who acknowledges *Booker* was decided before his sentencing, makes no allegation that Judge Seymour failed to consider the 3553(a) factors in deciding his sentence. Instead, he seems to contend Judge Seymour misapplied them, because his career offender designation "over represents" his criminal history. *Booker* motion at 1. He avouches his attorney failed to argue his "was a low-level drug offense and that [his] criminal history wasn't that of a harden[ed] 'career' criminal, or that [he] had only been to prison one time [his] entire life[.]" *Id.*

To the extent Tillman posits his sentence was invalid upon imposition due to ineffective assistance of counsel or any failure by Judge Seymour to consider the factors of sentencing, a motion to vacate under 28 U.S.C. "§ 2255 is the exclusive method of collaterally attacking a federal conviction or sentence[,]" *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022), in a case such as this. In limited circumstances, a defendant may also request such relief via 28 U.S.C.

3

§ 2241. *See United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018) ("The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e)).

But, Tillman filed his *Booker* motion over twelve years after Judge Seymour imposed his sentence, so a Section 2255 petition would be untimely. *See* § 2255(f) (setting forth a one-year statute of limitations). No change of law or other circumstance appears to exist that would delay the limitations period or entitle him to relief pursuant to the savings clause. *See id.* (stating the limitation period runs from the latest of: the date the conviction becomes final, the date the impediment to making the motion is removed, the date the Supreme Court initially recognizes a retroactively applicable right, or the date facts supporting the motion could have been discovered through due diligence); *In re Jones*, 226 F.3d 328, 333–34 (explaining the savings clause applies in certain cases in which subsequent changes in the law deemed the conduct of conviction not criminal).

Moreover, as explained below, analysis of the 3553(a) factors fails to favor a reduced sentence in this case. Accordingly, the Court will deny Tillman's *Booker* motion.

### IV.     COMPASSIONATE RELEASE MOTION

#### A.     *Standard of Review*

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

### B.     Discussion and Analysis

As an initial matter, Tillman exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of his motion.

#### 1.     *Whether Tillman presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Tillman posits the changes to statutory penalties for crack cocaine offenses, errors in his sentencing, and his rehabilitation together constitute extraordinary and compelling reasons for a

5

reduction in her sentence. The government, however, insists Tillman misunderstands the law and improperly raises his arguments.

First, although Tillman cites the changes to the statutory penalties for crack cocaine offenses under 21 U.S.C. § 841 as an extraordinary and compelling reason for his release, he was not convicted of a Section 841 crack cocaine offense. Although he was charged with conspiracy to distribute crack cocaine, he pled guilty to the Section 924(c) offense, and Judge Seymour dismissed his crack cocaine conspiracy charge.

The statutory penalties of his other charged offenses, then, are irrelevant. Had Tillman been sentenced today, his guideline range and statutory penalties for his crime of conviction, the Section 924(c) offense, would remain the same. Judge Seymour recognized as much when she denied Tillman's First Step Act motion. Tillman merely attempts to circumvent that ruling in this motion.

This is true even though Section 924(c) requires as one of its elements that Tillman committed the offense during, in relation to, or in furtherance of, a drug trafficking crime. In a related argument, Tillman contends his crack cocaine conspiracy charge is unqualified as an underlying drug trafficking crime. *See United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019) (holding conspiracy to possess with intent to distribute cocaine and cocaine base failed to constitute a "controlled substance offense" to support a career offender enhancement). But, his discussion to this point is inapposite.

He looks to the definition of "controlled substance offense" for the purposes of a career offender enhancement, rather than to the definition of "drug trafficking crime." *Compare* U.S.S.G. § 4B1.2(b) ("The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import,

6

export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.") *with* 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). . .").

Tillman's drug charges were punishable under the Controlled Substances Act. Although the government agreed to dismiss the charges themselves, Tillman admitted to having committed a drug tracking crime when pleading guilty to the Section 924(c) offense. *See United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002) (holding that "§ 924(c) convictions do not require a conviction on the predicate drug trafficking offense" as long as there is "at least some showing by the government that a reasonable jury could have convicted on the predicate drug offense.").

Tillman's argument that the First Step Act undermines the validity of his conviction, his guideline range, or his statutory penalties, then, fails. He thus neglects to show extraordinary and compelling reasons as to this argument.

Second, Tillman appears to argue he was improperly classified as a career offender. To the extent he argues the First Step Act invalidated such a classification, this Court and Judge Seymour have already rejected those arguments.

To the extent Tillman argues Judge Seymour erred at the time of sentencing, it appears to the Court that the cases Tillman cited fail to undermine his career offender designation. *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023), is an unpublished opinion that is nonbinding on this Court. Similarly, *United States v. Love*, __ F.Supp3d __, 2022 WL 5434985, No. 2:03-00187-01 (S.D.W.Va Oct. 7, 2022), is a nonbinding district court opinion the Court deems unpersuasive here. And, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022),

which held that inchoate offenses fail to constitute controlled substance offenses under the guidelines, appears inapplicable here.

Although Tillman's South Carolina possession with intent to distribute marijuana conviction may no longer constitute a predicate conviction, Tillman still has two prior convictions which qualify. *See United States v. Hope*, 28 F.4th 487, 508 (4th Cir. 2022) (holding possession with intent to distribute marijuana under South Carolina law is not a serious drug offense under federal law for purposes of the Armed Career Criminal Act).

But, even if recent Fourth Circuit cases have clarified which of Tillman's prior convictions may be used as predicate convictions for the career offender enhancement, compassionate release is the improper avenue for relief. As explained above, the Fourth Circuit has held because habeas is the exclusive method of collaterally attacking a federal conviction or sentence" in cases where the defendant argues it was invalid upon imposition and absent First Step Act relief eligibility, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep" the habeas requirements. *Ferguson*, 55 F.4th at 270. Tillman's contentions here thus neglect to present extraordinary and compelling reasons.

Finally, Tillman's arguments his efforts toward rehabilitation constitute extraordinary and compelling reasons for his release fail as well. Tillman has neglected to do more than what the Court hopes of every defendant. *See also* 28 U.S.C. § 994(t) (instructing commission that in "promulgating general policy statements regarding" compassionate release, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Accordingly, Tillman has failed to present extraordinary or compelling reasons for compassionate release.

### 2. *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Tillman's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . . [;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Tillman pled guilty to a Section 924(c) offense, a serious crime, and was designated a career offender.

As stated above, he argues his career offender designation over-represents his criminal history. He states that his convictions were for selling small amounts of controlled substances. *See Booker* motion at 1 (contending his first conviction "was for a few 'dime' bags of weed" sold at the age of seventeen, and his second conviction was for distribution of forty dollars' worth of crack cocaine).

9

But, Tillman ignores his prior conviction for assault and battery of a high and aggravated nature, which constituted a predicate "crime of violence" for career offender purposes. Moreover, his criminal history also includes convictions for hit and run and driving under the influence. The Court determines his career offender designation accurately reflects his criminal history.

And, although the Court commends Tillman for his efforts toward rehabilitation, as stated above, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Tillman to continue to take part in programming the BOP has to offer.

Overall, Tillman's 262-month sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted). Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Tillman's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. The Court will therefore deny Tillman's compassionate release motion, as well.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Tillman's *Booker* motion, ECF No. 95, and motion for compassionate release, ECF No. 107, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of May 2023, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE