

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 1:07-1250-MGL |
| | § |
| ANDRE JAMAL TILLMAN, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTIONS FOR RECONSIDERATION**
**AND FOR A SENTENCE REDUCTION**

**I.     INTRODUCTION**

Pending before the Court is Defendant Andre Jamal Tillman's (Tillman) motions for reconsideration and for a sentence reduction. Tillman is representing himself.

Having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motions will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

In 2009, Tillman pled guilty, pursuant to a plea agreement, to using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Section 924(c) offense).

At sentencing, Judge Seymour designated Tillman a career offender and sentenced him to 262 months incarceration, the low end of the resultant guideline range of 262 to 327 months. She also dismissed his other counts.

Tillman has now served over sixteen years of his sentence; and he has a projected release date of November 17, 2027. He claims he has had only one disciplinary infraction during his nearly fifteen years of incarceration. He provides evidence he has engaged in rehabilitative programming at the Bureau of Prisons (BOP), including business etiquette, welding, and drug education classes.

Tillman previously filed a motion under Section 404 of the First Step Act motion, which Judge Seymour denied. After that, Tillman filed a motion for compassionate release. In it, he argued he was entitled to a sentence reduction on the bases of changes to statutory penalties for crack cocaine offenses, errors in his sentencing, and his rehabilitation.

The Clerk's Office subsequently reassigned this case to the undersigned judge, who denied his motion for compassionate release on May 3, 2023.

On August 16, 2023, Tillman filed his motions for reconsideration, asking for compassionate release and a reduction in his sentence under Section 404. The government replied, and Tillman filed a reply, which the Court construes as containing a motion to reduce his sentence under the recent amendments to the United States Sentencing Guidelines (USSG). The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     MOTIONS FOR RECONSIDERATION

####     A.     *Standard of Review*

The Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration. Accordingly, courts look to the rules governing civil cases as a substantive guidepost. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the

Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.") (internal quotation marks omitted).

Under Rule 60(b), a Court may grant relief from a judgment and reopen a case because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A motion under this rule "must be made within a reasonable time" and, for certain subsections, within a year of entry of the judgment.  Fed. R. Civ. P. 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018).  Other cases also require a showing of exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).

Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citation omitted) (internal quotation marks omitted).

### B.     Discussion and Analysis

#### 1.     Compassionate Release

The Court construes Tillman's motion as having been filed under Rule 60(b)(1), which allows relief from a judgment in the event of "mistake, inadvertence, surprise, or excusable neglect[.]"  Under this subsection, a motion must be filed within a reasonable time no later than one year after the entry of judgment.  Fed. R. Civ. P. 60(c)(1).

As an initial matter, Tillman filed this motion 105 days after the Court denied his motion for compassionate release. This is within one year, and within a reasonable time. The Court thus determines the motion is timely as to his compassionate release arguments.

Tillman posits he is incorrectly designated as a career offender. The government contends the designation is proper.

To the extent Tillman argues his guideline sentence was incorrectly calculated at the time of sentencing, the Fourth Circuit has held "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence" in cases where the defendant argues it was invalid upon imposition, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

In limited circumstances, a defendant may also request such relief via 28 U.S.C. § 2241. *See United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018) ("The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e)).

In any event, compassionate release is the improper mechanism for such arguments.

Tillman also contends, however, the law has changed since his sentencing. The Court will consider those arguments under the compassionate release standard.

The Court notes the law governing compassionate release has changed since the Court denied Tillman's most recent motion and since he filed the motion to reconsider. On November 1, 2023, amendments to the USSG went into effect. USSG § 1B1.13 contains policy statement applicable to motions brought by defendants.

Under the new standard, after a defendant has exhausted his administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A).

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" USSG § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

Even under this new standard, however, Tillman's motion fails. As stated in the Court's previous order, Tillman has exhausted his remedies. He has failed, however, to show extraordinary and compelling reasons to reduce his sentence.

The amended guidelines specify, except when concerning an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." USSG § 1B1.13(c).

In the case of an unusually long sentence, the defendant must have served at least ten years, and the change in law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" *Id.* § 1B1.13(b)(6).

As stated above, Tillman has served over sixteen years of his sentence. Thus, the Court will consider whether a change in the law has produced a gross disparity.

Tillman argues he would be undesignated as a career offender if sentenced today. This would result in a reduction of his guideline sentence from 262–327 months to sixty months. The government insists he would remain a career offender if sentenced today.

In maintaining his South Carolina possession with intent to distribute marijuana conviction no longer qualifies as a predicate offense, Tillman cites *United States v. Hope*, 28 F.4th 487, 508 (4th Cir. 2022). In that case, the Fourth Circuit held possession with intent to distribute marijuana under South Carolina law fails to qualify as a serious drug offense under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The government avers this decision fails to extend to determining a "controlled substance offense" for career offender purposes.

The Fourth Circuit has failed to opine on whether *Hope* is applicable in career offender cases. Circuit courts to address the issue are split. *Compare United States v. Clark*, 46 F. 4th 404, 406 (6th Cir. 2022) ("We hold that the proper reference is the law in place at the time of the prior convictions"), *with United States v. Abdulaziz*, 998 F.3d 519, 531 (1st Cir. 2021) (holding courts should look to the law at the time of federal sentencing).

In sentencing other defendants, however, this Court has held *Hope* is inapplicable. It has determined it must look at the statute at the time of the state court conviction, rather than at the time of the federal sentencing.

6

Although the ACCA looks at whether the defendant committed, as relevant here, "serious drug offense[s,]" 18 U.S.C. § 924(e)(1), the career offender guideline considers whether a drug conviction is a "controlled substance offense[,]" U.S.S.G. § 4B1.2(b).

> The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Tillman committed an offense that involved a substance controlled at the time. Thus, the Court determines Tillman would remain a career criminal if sentenced today. Tillman has therefore neglected to show extraordinary and compelling reasons for his release, even under the new standard of review.

Moreover, Tillman fails to challenge the Court's evaluation of the Section 3553(a) factors from its previous order. As explained, compassionate release is inconsistent with the analysis of those factors.

Therefore, the Court will deny Tillman's motion for reconsideration as to compassionate release.

### 2.  *First Step Act Section 404*

To the extent Tillman raises arguments under Section 404 of the First Step Act, those arguments are untimely. Judge Seymour denied his motion on August 10, 2020. Therefore, more than one year has passed since the judgment. *See* Fed. R. Civ. P. 60(c)(1) (explaining under a motion under Rule 60(b)(1) must be filed within one year).

And, Tillman fails to set forth any reason this Court should displace Judge Seymour's and the undersigned Judge's previous rulings regarding this provision. He has therefore neglected to show entitlement to relief under the merits.

The Court will thus deny his motion to reconsider as to any Section 404 arguments.

**IV.     MOTION FOR A SENTENCE REDUCTION**

Finally, Tillman also contends he is entitled to a reduction in his sentence based upon the recent retroactive changes to the sentencing guidelines. The United State Probation Office filed a sentence reduction report stating he is ineligible for relief.

On November 1, 2023, Amendment 821 to the USSG took effect. *See* USSG Amend. 821 (changing the offense-level calculations for certain defendants); Amend. 825 (making Amend. 825 retroactive). Part A of the amendment addresses status points—criminal history points added based on having committed an offense while under a criminal justice sentnece such as probation or supervised release—decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.

Tillman received status points at sentencing. Even with the reduction in his criminal history points under Amendment 821, however, his criminal history category fails to change because he is still classified as a career offender. Thus, his guideline range remains unchanged, and the Court is unable to reduce his sentence. *See* USSG § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range.").

Although Tillman argues his career offender designation is improper, the Court is unable to disturb the previous guideline calculation except as provided in Amendment 821. *See* USSG § 1B1.10(b)(1) (In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions

unaffected."). Additionally, as the Court has repeatedly explained, the 3553(a) factors fail to support a reduction of Tillman's sentence.

Thus, the Court will deny a reduction under Amendment 821.

V.     **CONCLUSION**

For the reasons stated above, it is the judgment of the Court Tillman's motions for reconsideration, ECF No. 139, and motion for a sentence reduction, ECF No. 156, are **DENIED**.

**IT IS SO ORDERED.**

Signed this 17th day of April 2024, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE